IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CR 793 |
| | ) | Judge Matthew Kennelley |
| AMJAD SHEIKH-ALI, | ) | |
| Defendant. | ) | |

### SENTENCING MEMORANDA

Now comes the defendant, AMJAD SHEIKH-ALI, by and through his attorneys KENT R. CARLSON & ASSOCIATES P.C. and hereby submits the following factors for this Honorable Court's consideration in fashioning a sentence that is sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. 3553(a)(2).

That AMJAD SHEIKH-ALI respectfully asserts that a sentencing range of thirty three (33) to forty one (41) months incarceration in the Bureau of Prisons or for that matter even twenty two (22) months incarceration in the Bureau of Prisons (with the Government's U.S.S.G. 5K1.1 recommendation) would be unreasonable and would result in a sentence that is greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. 3553(a)(2).

"The Supreme Court's decision in *Booker* requires this Honorable Court first to compute the guidelines just as he would have done before *Booker,* and then – because *Booker* demoted the guidelines from mandatory to advisory status – to decide whether the guideline sentence is the correct sentence to give the particular defendant." *United States –v- Wachowiak*, 496 F.3d 744 (7th Cir. 2007) citing *United States –v- Dean*, 414 F.3d

725, 727 (7th Cir. 2005).

*Booker* sentencing discretion is exercised in accordance with the sentencing factors specified in 18 U.S.C. 3553(a), which provides in pertinent part:

(a)     Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed shall consider –

(b)

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) promote respect for the law, and to provide just punishment for the offense;

(E) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Moreover, this Honorable Court must also take account the kinds of sentences available; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.   18 U.S.C. 3553(a)**.**

"3553(a), unlike the guidelines themselves after *Booker*, is mandatory. This

Honorable Court cannot, after considering the factors listed in the statute, import his own philosophy of sentencing if it is not consistent with them." "But 3553(a) factors are broad, vague and open ended." *United States –v- Wachowiak*, supra citing *United States –v- Dean*, supra at 729. "This Honorable Court has considerable discretion to individualize the sentence to the offense and the offender as long as the judge's reasoning is consistent with 3553(a)." *United States –v- Wachowiak*, supra citing *Rita –v- United States,* 127 S. Ct 2456, 2463 (2007).

"Accordingly a sentence is reasonable if the sentencing judge has given **meaningful consideration** (emphasis added) to the sentencing factors enumerated in 3553(a), including the advisory sentencing guidelines, and arrived at a sentence that is objectively reasonable in light of the statutory factors and the individual circumstances of the case. *United States –v- Wachowiak*, supra citing *United States –v- Cunningham,* 429 F.3d 673, 670 (7th Cir. 2005) and *United States –v- Dean*, supra at 729.

The United States Supreme Court in *Rita –v- United States*, supra has made clear that the rebuttable presumption is reasonableness to a guideline sentence is a standard for appellate review only. In the District Court there is no legal presumption that a Guidelines sentence should apply. This Honorable Court is not permitted to presume that a sentence within the guidelines range is the correct sentence. While this Honorable Court must calculate the advisory sentencing range accurately, it is only so you can derive whatever insight if any the guidelines have to offer, but ultimately you must sentence based on 18 U.S.C. 3553(a) without any thumb on the scale favoring a guideline sentence. This Honorable Court's freedom to impose a sentence outside the guideline range is unfettered. *United States –v- Demaree,* 459 F.3d  791 (7th Cir. 2006); *United*

States –v- *Wachowiak*, 496 F.3d 744 (7th Cir. 2007); *United States –v- Griffin*, 493 F.3d

856 (7th Cir. 2007); *United States –v- Sachsenmaier,* 491 F.3d 680 (7th Cir.  2007).

The factors outlined above are intended to guide the courts in sentencing and in

turn will guide appellate courts in determining whether a sentence is reasonable.  *United*

*States v. Mathijssen*, 406 F.3d 496, 498 (8th Cir. 2005).  Accordingly, a sentence is

unreasonable under *Booker* not only when the district judge fails to consider the

applicable guideline range, but also when it neglects to account for the other factors listed

in 18 U.S.C. § 3553(a). *United States –v- Webb*, 403 F.3d 373 at 383; and *United States*

*v. Christenson*, 403 F.3d 1006, 1008 (8th Cir. 2005).  Importantly, § 3553(a) creates no

order of priority among the listed factors.  Rather, its plain language and structure

indicate that each of the delineated factors should receive equal weight.

This Honorable Court's mandate is to impose a sentence that is sufficient but not

greater than necessary.

One of the first, and although there is no priority amongst the 3553 factors, is the

history and characteristics of the defendant AMJAD SHEIKH-ALI.

At the outset AMJAD SHEIKH-ALI wants this Honorable Court to understand

that he offers the following matters for consideration in imposing a sentence that is

sufficient but not greater than necessary, and that he is not offering them as an excuse for

the conduct that he has admitted and admitted were criminal. He offers them so this

Honorable Court has some insight into whom he is, why he did what he did and so your

honor can impose the individualized sentence that 3553 mandates.

A. AMJAD SHEIK-ALI, his parents and seven (7) siblings were born and raised

in a refugee camp in the West Bank, Ramallah, Israel, because when the war broke out in

1967 the family was kicked out of their land and property.

AMJAD SHEIK-ALI did not have a normal childhood. As a result of the war, he and his siblings could not safely go to school or play outside or even find employment. The war and resultant danger caused him to drop out of high school. As a result of the danger, there was a curfew, which required everyone to be in and remain in their home at 5:00 p.m. He and hid siblings were often stopped and harassed by the Israeli military and beaten or harassed. They lived in a constant state of fear. This caused AMJAD SHEIK-ALI at age nineteen (19) and one of his brothers to legally immigrate to the United States to find a better life.

B. That AMJAD SHEIK-ALI became a United States Citizen in August 1999.

C. That AMJAD SHEIK-ALI and his ex-wife have one (1) child together namely Charli, age twelve (12). AMJAD SHEIK-ALI adopted the son his ex-wife was pregnant with when they married. AMJAD SHEIK-ALI is very close to his children and has regular contact with them and spends a lot of time with them.  He plays a very positive and important role in their lives. He loves them dearly In addition he pays six hundred dollars ($600.00) per month in child support.

D. That one of the casualties of AMJAD SHEIK-ALI'S criminal conduct was his marriage. AMJAD SHEIK-ALI'S ex- wife allowed him to put his business in his wife's name and she believed, rightly that he violated her trust by engaging in the criminal conduct that he did. AMJAD SHEIK-ALI tried to get his wife to take him back, but his efforts failed. AMJAD SHEIK-ALI has already paid a penalty steeper than any penalty that this Honorable Court could impose.

E. That as more fully set forth in the P.S.I. AMJAD SHEIK-ALI'S criminal conduct caused him to loose, not only his family, but his business and virtually all his property and belongings.

F. That AMJAD SHEIKH-ALI is currently forty (40) years of age. It would be unlikely that AMJAD SHEIKH-ALI would commit further crimes. This is especially true here, as this is AMJAD SHEIK-ALI'S first brush with the criminal justice system. Recidivism rates decrease with age. Younger prisoners are more likely to be rearrested than older ones. 80% of persons under 18 years of age were rearrested, as compared with only 45.3% of prisoners 45 years or older. Additionally, there is no support for the proposition that longer prison sentences provide a greater deterrent to repeat criminal activity.

For this reason alone, but in combination with all the other factors set forth herein, it is respectfully suggested that the chances of AMJAD SHEIKH-ALI committing another crime are unlikely.

G. That the events with AMJAD SHEIK-ALI was charged happened in 2000 thru 2002, and the relevant conduct continued until February 2004, it is respectfully submitted that AMJAD SHEIK-ALI is a different person than the desperate person he was four (4) or more years ago. He has cooperated with authorities to help make up for what he did, and more importantly he has lost everything he had, including his family. He has certainly paid dearly for his criminal conduct.

H. AMJAD SHEIKH-ALI knew what he did was wrong. He knew it from the beginning, when he committed the crimes and when he was approached by agents he fully and immediately confessed. He fully cooperated with law enforcement. His initial

cooperation was without any protection of a proffer letter or plea agreement. He waived indictment and timely entered a plea of guilty. He wanted once again to do that which he always strived to do, what was the right thing for everyone. Every day he does the best he can to come to grips with and make up for his criminal conduct.

I. Of the $1,082,986.80 loss in this case AMJAD SHEIL-ALI did not himself realize anywhere near that much. As best as can be estimated AMJAD SHEIK-ALI obtained less than ten percent (10%). The vast majority to the fraudulently obtained money went to Amar Abu Siessi.

J. That prior to the instant offense, AMJAD SHEIKH-ALI lead a completely law abiding and hard working positive life.

K. That AMJAD SHEIKH-ALI has absolutely no criminal history. Prior to his arrest herein, he had never been confined in a jail cell, much less sentenced to a federal prison cell. He has never been punished or given the opportunity to rehabilitate, much less given the opportunity and not taken advantage of it. *United States –v- Baker,* 445 F.3d 987, 992 (7th Cir. 2006) (Upholding sentence reduction based on a finding that "a prison term would mean more to Mr. Baker than to a defendant who previously had been imprisoned); *United States –v- Qualls,* 373 F. Supp.2d 873, 877 (E.D. Wis. 2005) (Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious prison time yet continues to reoffend").

L. That since his arrest AMJAD SHEIKH-ALI has abided by all terms and conditions of his release.

That the aforementioned suggest that AMJAD SHEIKH-ALI will not be a danger to the public and that it is extremely unlikely that he will ever commit another crime.

This is a very serious crime. No doubt about it. AMJAD SHEIKH-ALI realizes it and has from the beginning. There must be consequences. There must be punishment. He knows it. There must however be as 3553 mandates just punishment, not just for the offense but for the individual.

It is respectfully submitted that a sentence of thirty three (33) to forty one (41) months incarceration in the Bureau of Prisons or for that matter even twenty two (22) months incarceration in the Bureau of Prisons would be unreasonable and would result in a sentence that is greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. 3553(a)(2).

In fact, sentencing AMJAD SHEIKH-ALI to any term of incarceration in the BOP simply does not further the goals of sentencing set forth in 3553. A sentence of incarceration in the BOP is greater than necessary to achieve the goals set forth in the statute.

It is respectfully submitted that a sentence of probation, with a period of home confinement, with community service is sufficient but not greater than necessary in this case, for this individual. In light of the unique situation here, it is sufficient, in this case, to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense. It would also afford adequate deterrence to criminal conduct and would sufficiently protect the public from further crimes of the defendant.

For all the above and foregoing reasons, AMJAD SHEIKH-ALI prays this

Honorable Court enter sentencing him to a term of less than the advisory guideline range,

specifically to a sentence of probation, with a period of home confinement, with

community service.


Respectfully submitted,


s/Kent R. Carlson
KENT R. CARLSON & ASSOCIATES P.C.
53 W. Jackson Blvd. - Suite 1544
Chicago, Il. 60604
(312) 663-9601
kentrcarlson@sbcglobal.net

## CERTIFICATE OF SERVICE

The undersigned, hereby certifies that the following document:

DEFENDANT'S SENTENCING MEMORANDA

Was served on April 29, 2008, in accordance with Fed. R. Crim. P. 49, Local Rule 5.5 and the General Order on Electric Case Filing (ECF), pursuant to the District Court's system as to ECF filers.

s/Kent R. Carlson
KENT R. CARLSON & ASSOCIATES P.C.
53 W. Jackson Blvd. - Suite 1544
Chicago, Il. 60604
(312) 663-9601
kentrcarlson@sbcglobal.net