UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERNDIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> AMJAD SHEIKH-ALI | No. 07 CR 793 <br><br> Judge Matthew F. Kennelly |

PROTECTIVE ORDER GOVERNING A
RECORDED INTERVIEW OF A MINOR CHILD

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. The recorded interview of a minor child provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case ("the recording") is subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the recording or its contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the recording as necessary to prepare the defense, but may not retain copies without prior

permission of the Court.

3. The recording to be disclosed by the government contains particularly sensitive information, including a minor's description of alleged conduct involving defendant. This recording shall be plainly marked as sensitive by the government prior to disclosure. No such recording, or the information contained therein, may be disclosed to any persons other than defendant, counsel for defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

4. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the recording except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the recording, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original recording.

6. Before providing the recording to an authorized person, defense counsel must

provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order.  Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statement of each authorized person to the government upon request.

7.     Upon conclusion of all stages of this case, the recording and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court.  The Court may require a certification as to the disposition of any such recordings.

8.     To the extent the recording is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the recording and shall do so in writing.  Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return the recording if in hard copy, and in the case of electronic recordings, shall certify in writing that all copies of the recording have been deleted from any location in which the recording was stored.

9.     The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by

any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 3, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
MATTHEW F. KENNELLY
District Judge
United States District Court
Northern District of Illinois

Date: September 21, 2011